### In re: TARGET INDUSTRIES, INC. and Lance Plastics, Inc., Debtors

Thomas F. Fox and Robert B. Wasserman, Chapter 11 Trustee for Target Industries, Inc. and Lance Plastics, Inc.

v.

Martin Goz, Sr.; Martin Goz, Jr.; Target Industrial Pkg., Inc.; Tri–Cor Corporation; Glenn Pierson; Guy Zimmermann; Robert Goldstein; Jeffrey Frawley; Michael Grassman; Shawn Hilling; Dennis Petrey; William Trotta; Nexus Plastics, Inc.; Donald Merwin; Alfred Teo; Poly Plastics Products, Inc.; Beta Plastics Corporation; Steven Redlich; Robert Goz; Arlene Goz; Donna Zimmermann; Kim Pierson; Gozman, Inc., d/b/a Plastics Bag Outlet; ABC Companies, 1–20, said names being fictitious, John Does 1–20, said names being fictitious, and Jane Doe 1–20, said names being fictitious

Thomas F. Fox; Target Holdings, Inc., Target Industries, Inc. and Robert B. Wasserman, Chapter 11 Trustee for Target Industries, Inc. and Lance Plastics, Inc.

v.

Tiffany Packaging; Sharen Wilms, a/k/a Sharen Baccarella; Martin Goz, Sr.; Martin Goz, Jr.; Target Industrial Pkg.; Tri–Cor Corporation; Glenn Pierson; Guy Zimmermann; Arlene Goz; Rita Goz; Angela Pfeifer; Gozman, Inc. d/b/a Plastic Bag Outlet; ABC Companies 1–20, said names being fictitious, John Does 1–20, said names being fictitious, and Jane Does 1–20, said names being fictitious

Thomas F. Fox; Robert B. Wasserman, Chapter 11 Trustee for Target Industries, Inc., and Lance Plastics, Inc.; Target Holdings, Inc., Target Industries, Inc., and Lance Plastics, Inc., Appellants in 09–3343.

Tri–Cor Corporation; Donna Zimmermann; Guy Zimmermann; Jeffrey T. Frawley; Michael Grassman; Shawn Hilling; Dennis Petrey, Appellants in 09–3344.

Nos. 09–3343, 09–3344.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) on May 14, 2010.

Opinion filed: July 8, 2010.

Andrew J. Kyreakakis, I, Esq., Ambrosio, Kyreakakis, DiLorenzo, Morall &

McKenna, Bloomfield, NJ, for Thomas Fox, Robert B. Wasserman, Target Holdings Inc., Target Ind. Inc., Lance Plastics Inc.

James L. Plosia, Jr., Esq., Apruzzese, McDermott, Mastro & Murphy, Liberty Corner, NJ, for Robert Goldstein, Arlene Goz, Martin Goz, Jr., Martin Goz, Sr., Rita Goz, Guy Zimmermann, Robert Goz, Gozman Inc., Jeffrey Frawley, Donald Merwin, Michael Grassman, Nexus Plastics Inc., Shawn Hilling, Glenn Person, Dennis Petrey, Angela Pfeifer, William Trotta, Kim Pierson, Poly Plastics Corp., Steven Redlich, Target Ind. Pkg., Alfred Teo, Tiffany Packaging, Tri–Cor Corporation, Sharen Wilms, Donna Zimmermann.

Thomas A. McKinney, Esq., Waldman, Renda & McKinney, Hawthorne, NJ, for Nexus Plastics Inc., William Trotta,

Neil G. Duffy, III, Esq., Union, NJ, for Kim Pierson.

Hal L. Baume, Esq., Fox Rothschild, Lawrenceville, NJ, Robert J. Rohrberger, Esq., Fox & Fox, Livingston, NJ, for Alfred Teo.

Before: BARRY and ROTH, Circuit Judges and DALZELL *, District Judge.

## OPINION

ROTH, Circuit Judge:

Appellants Thomas Fox and Robert Wasserman, as trustee for Target Industries, Inc., and Lance Plastics, Inc., and Cross–Appellants Martin Goz, Sr., *et al.*, appeal the District Court's affirmance of the Bankruptcy Court's order dismissing their claims and counterclaims. For the reasons discussed below, we will affirm.[1]

---

* Honorable Stewart Dalzell, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. The Bankruptcy Court had jurisdiction over the adversary proceeding under 28 U.S.C. §§ 157 and 1334, and the District Court had jurisdiction to review the Bankruptcy Court's

## I. Introduction

Thomas Fox bought the assets of the consolidated bankruptcy estate of Target and Lance, New Jersey corporations in the business of distributing and manufacturing plastic bags. Fox, along with the Trustee of the bankruptcy estate, then commenced an adversary proceeding in the Bankruptcy Court against former Target personnel who had left to work for a competitor, Tri–Cor Corporation. Tri–Cor was owned by a former Target Officer, Guy Zimmermann. Fox sought damages from these former employees and Zimmermann (collectively, the Tri–Cor defendants), alleging various business torts, including the misappropriation of Target's customer lists, tortious interference with contractual relations, and breach of duty of loyalty.[2] The defendants counterclaimed, alleging that Fox had attempted to scare former Target clients from doing business with Tri–Cor.[3]

After both parties moved for summary judgment, the Bankruptcy Judge dismissed three counts in the complaint, but otherwise denied the motions.[4] Following an unsuccessful interlocutory appeal of this order, the case was remanded to the Bankruptcy Court, this time before another judge. This judge conducted a 14–day trial, at the end of which he dismissed every claim in the proceedings. The District Court affirmed the Bankruptcy Court order, adopting its reasoning and analysis.

On appeal to this Court, Fox contends that the Bankruptcy Court erroneously determined that (1) Target's customer lists were neither proprietary information nor property of the estate, (2) the Tri–Cor defendants did not breach any duty of loyalty to Target, (3) Zimmermann did not breach any fiduciary duties to Target and was not liable for fraudulent conveyances under 11 U.S.C. §§ 544(b) and 548, and (4) the Tri–Cor defendants did not tortiously interfere with Target's contractual relations. The Tri–Cor defendants, in turn, allege that the Bankruptcy Court erred in finding that there was insufficient evidence to support their counterclaims.

## II. Discussion

### A. Proprietary Information

■ As the Bankruptcy Court found, customer lists may be proprietary information under New Jersey law, depending on

---

final order under 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. "We exercise plenary review of the District Court's conclusions of law. Since the District Court sat as an appellate court to review the Bankruptcy Court, we review the Bankruptcy Court's legal determinations de novo, its factual findings for clear error, and its exercises of discretion for abuse thereof." *In re Tower Air, Inc.*, 397 F.3d 191, 195 (3d Cir.2005) (internal citations and quotation marks omitted).

2. Fox pursued sixteen causes of action against all the Tri–Cor defendants and two against Zimmermann individually. The sixteen causes of action were as follows: misappropriation of assets and proprietary information, breach of contract, conspiracy, breach of loyalty and confidentiality, breach of covenant of good faith and fair dealing, unfair competi-

tion, tortious interference with contractual relations, conversion, fraud, civil RICO, piercing the corporate veil, and several bankruptcy causes of action. The two causes of action pursued against Zimmermann were for breach of fiduciary duties and for fraudulent transfer.

3. The Tri–Cor defendants' counterclaims were for unfair competition, antitrust violations, Lanham Act violations, tortious interference with contractual relations, conversion, and defamation.

4. Specifically, the judge dismissed the civil RICO count and the counts alleging breach of contract and breach of the covenant of good faith and fair dealing, except as to those defendants having employment contracts or commission agreements.

the nature of the business and the restrictions placed on employees. *Lamorte Burns & Co. v. Walters,* 167 N.J. 285, 770 A.2d 1158, 1166 (2001). Customer lists of service businesses receive special protection because the names and addresses of customers are not publicly available or ascertainable. *AYR Composition, Inc. v. Rosenberg,* 261 N.J.Super. 495, 619 A.2d 592, 597 (N.J.Super.Ct.App.Div.1993). Customer lists of non-service businesses may also be proprietary information if the lists contain information that is not publicly available and the company protects such information with restrictive covenants, such as confidentiality agreements or covenants not to compete. *Platinum Mgmt., Inc. v. Dahms,* 285 N.J.Super. 274, 666 A.2d 1028, 1038 (N.J.Super. Ct. Law Div. 1995).

Here, Target was not in a service business; rather, it sold plastic bags. Information about the sale of plastic bags is publicly available, and Target did not seek to protect information concerning its customers through restrictive covenants in its employment contracts. Accordingly, we hold that Target's customer lists were not proprietary information and, consequently, not assets of the bankruptcy estate.

## B. Duty of Loyalty

■ Even though none of the employees had signed restrictive covenants or confidentiality agreements, they nonetheless owed a common law duty of loyalty to Target while employed there. *See Lamorte,* 770 A.2d at 1168. This duty required the Tri–Cor defendants, while employed at Target, to refrain from competing with Target or otherwise acting contrary to Target's interest. *See id.*

The Bankruptcy Court found that the Trustee had already closed Target and terminated its employees by the time Tri–Cor was formed and the Tri–Cor defendants began to solicit Target's customers. While the Bankruptcy Court considered evidence that the Tri–Cor defendants had prepared for this transition prior to their termination, it concluded this evidence did not indicate that they were in any way disloyal to Target while employed there.

■ Similarly, even though Zimmermann was an officer of Target when it filed for bankruptcy, the Bankruptcy Court found that he had been displaced from his responsibilities when the Trustee was appointed. Therefore, at the time of his alleged misconduct, he was not an officer or an "insider" for purposes of fraudulent conveyance liability, under 11 U.S.C. § 548.

Fox has offered no compelling evidence to convince us that the Bankruptcy Court's findings of fact were clearly erroneous. We, therefore, hold that the Tri–Cor defendants are not liable for breach of duty of loyalty and that Zimmermann is not liable for breach of fiduciary duties or for fraudulent conveyance.

## C. Tortious Interference

■ Because the Tri–Cor defendants neither misappropriated Target's assets nor breached any duties owed to Target, we agree with the Bankruptcy Court that it was not improper for the Tri–Cor defendants to contact Target's customers. Accordingly, we find that the Tri–Cor defendants did not tortiously interfere with Target's contractual relations. *See Printing Mart–Morristown v. Sharp Elecs. Corp.,* 116 N.J. 739, 563 A.2d 31, 36 (1989) (holding that tortious interference with contractual relations requires a "luring away, by devious, improper and unrighteous means, of the customer of another") (internal quotation marks omitted).

238

### D. Unfair Business Practices

 Finally, the Bankruptcy Court found that the Tri–Cor defendants failed to present sufficient evidence to support their counterclaims for unfair business practices. The Tri–Cor defendants contend that two letters from Fox to Tri–Cor customers support their counterclaims. These letters alerted Tri–Cor's customers to this pending action and to the possibility that Tri–Cor could be enjoined from doing business with them. We agree with the Bankruptcy Court that nothing in these letters is actionable.

### III. *Conclusion*

For the reasons discussed above, we will affirm the judgment of the District Court, dismissing the claims and counterclaims.